994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Vernon E. HUBBARD, Appellee,
v.
Ralph MILLER; John Bohling, Appellants.
 No. 92-3567.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 14, 1993.
Filed: June 8, 1993.
 
 Before BOWMAN, MAGILL, Circuit Judges, and HENDREN,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Vernon Hubbard brought this action under 42 U.S.C. § 1983 (1988), alleging that he was stabbed by a fellow prisoner at the Jefferson City Correctional Center. Named as defendants are Officers Ralph Miller and John Bohling and the Missouri Department of Corrections. Hubbard asserts an Eighth Amendment claim and seeks actual and punitive damages.
 
 
 2
 The District Court, adopting the recommendation of the Magistrate Judge, dismissed Hubbard's action against the Missouri Department of Corrections for failure to state a claim, but denied the motion of defendants Miller and Bohling for summary judgment.
 
 
 3
 Miller and Bohling appeal the denial of their summary judgment motion. For reversal, they argue that the District Court erred in denying their motion because (1) Hubbard failed to set forth a submissible case on his claim that they failed to protect him from a pervasive risk of harm in his housing unit at the prison; and (2) they are entitled to qualified immunity.
 
 
 4
 As to appellants' first argument, the District Court determined there are disputed questions of material fact concerning the merits of Hubbard's failure-to-protect claim, making summary judgment inappropriate. This aspect of the court's decision is interlocutory. It has not been certified for immediate appeal under 28 U.S.C. § 1292(b) (1988). We therefore have no jurisdiction over this question and accordingly we do not address it.
 
 
 5
 Appellants would, of course, be entitled to immediate review of the qualified immunity question if the District Court had denied their motion for summary judgment on that ground. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). We are unable to discern, however, that either the Magistrate Judge or the District Court has addressed this issue. Although appellants asserted their entitlement to qualified immunity in their motion for summary judgment, both the Magistrate Judge's report and recommendation and the District Court's order are totally devoid of any reference to the qualified immunity question. While the lower courts may have intended to reject the qualified immunity claim asserted by Miller and Bohling, they did not do so in any way that can be gleaned from their actual rulings. It may equally be the case that they intended to rule on qualified immunity only after further factual development had taken place. And it may also be true that they simply failed to consider this aspect of the motion for summary judgment. In any event, the qualified immunity issue is analytically distinct from the issue of whether summary judgment on the merits of the case is precluded by the existence of material questions of disputed fact-the latter issue being the only issue the lower courts appear to have explicitly addressed.
 
 
 6
 We are unwilling to speculate or to engage in long-distance judicial mind reading. Qualified immunity claims are important. They must be explicitly addressed and initially decided at the trial court level. That, as far as we can see, has not occurred here. Neither the fact of such a ruling nor any reasoning in support of such a ruling appears in the judicial work product under review in this case. We therefore proceed on the premise that appellants' claim of entitlement to summary judgment on the ground of qualified immunity is still open for initial decision in the trial court.
 
 
 7
 In short, based on the record before us, we are unable to say that appellants have yet suffered a denial of their motion for summary judgment on the ground of qualified immunity. Accordingly, this Court's jurisdiction has not been established, and the appeal must be dismissed. The District Court is directed to rule as soon as it is practicable to do so on the claim of Miller and Bohling for summary judgment on the ground of qualified immunity.
 
 
 8
 Without prejudice to the right of any of the parties to timely appeal any appealable order the District Court may enter, this appeal is dismissed for lack of jurisdiction.[1] See 8th Cir. R. 47A(a).
 
 
 
 *
 The HONORABLE JIMM LARRY HENDREN, United States District Judge for the Western District of Arkansas, sitting by designation
 
 
 [1]
 Appellee's motion to supplement the record is denied as moot